UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIK LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLENNIUM CAPITAL AND RECOVERY CORPORATION, et al.,<br><br>    Defendants. | Case No. 16-cv-03195-EMC<br><br>**SECOND ORDER TO SHOW CAUSE** |

Plaintiff Alik Lee, proceeding pro se, initiated this case in June 2016. *See* Docket No. 1 (complaint). The initial case management conference in the case was held in February 2017. *See* Docket No. 33 (minutes). Mr. Lee appeared for that conference, as well as a further case management conferences in July and October 2017. *See* Docket Nos. 65, 78 (minutes). In October 2017, the case was referred for a settlement conference with Judge Ryu. *See* Docket No. 78 (minutes).

The settlement conference was scheduled for January 8, 2018. The settlement conference was held on that date but, as stated in the minutes for that conference, "Pro se plaintiff Alik Lee did not appear and did not respond to the court's attempts to reach him by phone and email. Plaintiff also failed to submit settlement papers to the court. Defendants waited for Plaintiff for one hour, as they had already expended resources to prepare for and attend the conference." Docket No. 82 (minutes).

Subsequently, on January 18, 2018, this Court held a further case management conference. Mr. Lee failed to appear for this conference. As stated in the minutes for the conference: "Plaintiff did not appear. He emailed the Court this morning that he would not appear today and intends to dismiss this case." Docket No. 86 (minutes). The Court stated that, if Mr. Lee failed to dismiss

1  the case within a week, then it would issue an order to show cause as to why the case should not
2  be dismissed for violations of the Court's orders and failure to prosecute. *See* Docket No. 86
3  (minutes).

4  On March 2, 2018, the Court issued the order to show cause because Mr. Lee had not
5  dismissed the case, as he had stated. *See* Docket No. 87 (order). Two days later, Mr. Lee filed a
6  response. *See* Docket No. 88 (response). While the response did not directly address the order to
7  show cause, the Court, in an act of leniency, discharged the order to show cause because it
8  appeared that Mr. Lee wished to continue to litigate his case. However, the Court noted that Mr.
9  Lee would be required to comply with

> the Federal Rules of Civil Procedure, this District's Civil Local Rules, Court orders, and notices issued by the Clerk of the Court. Failure to comply could result in sanctions. Thus, for example, if Mr. Lee fails to make an appearance at a Court-ordered proceeding (*e.g.*, settlement conferences, case management or status conferences, or hearings), he may be sanctioned, and such sanctions could include dismissal of his case in its entirety.

Docket No. 89 (Order at 2). The Court then set a further case management conference for March 22, 2018.

The Court held the further case management conference on March 22. In spite of the prior order to show cause and the Court's explicit warning regarding the need for Mr. Lee to make appearances, Mr. Lee did not appear. Defense counsel stated that they had received an email from Mr. Lee stating he was unavailable to participate in this case until after Easter, but Mr. Lee never contacted the Court or asked for a continuance of the case prior to the March 22 conference. After the March 22 conference, the Court issued a minute order setting a new conference for April 26, 2018; only then did Mr. Lee send an email to the Courtroom Deputy indicating that he would not be available for the April 26 conference. This email does not justify Mr. Lee's nonparticipation in the March 22 conference. Moreover, his assertion that he cannot make the April 26 conference appears baseless. First, Mr. Lee claims he will be out of the country for the Easter holiday but, since the April 26 conference will be held weeks after Easter, there should be no conflict. Second, even if Mr. Lee were still out of the country on April 26, his claim that he "will not have telecommunications access" (thus making even a telephonic appearance for the conference

impossible) is entirely without support. If anything, Mr. Lee's email claiming unavailability for the April 26 conference supports an inference that Mr. Lee has failed to diligently prosecute this case which has been pending since June 2016.

Accordingly, the Court now issues this second order to show cause. More specifically, Mr. Lee is ordered to show cause as to why his case should not be dismissed based on his failure to comply with Court orders and/or failure to prosecute this case. **Mr. Lee's response shall be filed within two weeks of the date of this order.** In his response, Mr. Lee shall specifically explain why he has failed to comply with Court orders and/or failed to prosecute (*e.g.*, why he has not made appearances at the settlement conference and the further case management conferences, why he has not filed further case management conference statements). **A response that does not adequately address these issues will be deemed inadequate and shall, absent good cause, result in the sanction of dismissal. Similarly, a failure to file any response to this order to show cause shall result in the sanction of dismissal.**

**IT IS SO ORDERED**.

Dated: March 23, 2018

_____
EDWARD M. CHEN
United States District Judge